

|  | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY W. CARTER** | **LAW DEPARTMENT** | **MARTIN BOWE** |
| *Corporation Counsel* | 100 CHURCH STREET | *Senior Counsel* |
|  | NEW YORK, NY 10007 | Tel: (212) 356-0894 |
|  |  | (not for service) Fax: (212) 788-0940 |
|  |  | Cell: (646) 498-7178 |
|  |  | (not for service) |
|  |  | email:mbowe@law.nyc.gov |

June 29, 2018

**VIA ECF**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re: <u>K.A., et al. v. The City of New</u>, 18-cv-3858 (ALC)(HBP)

Dear Judge Carter:

  I am the Assistant Corporation Counsel assigned to represent the City of New York and the NYC Health + Hospitals Corporation ("defendants") in the above-referenced action. Defendants write to respectfully request a pre-motion conference regarding their intended motion to dismiss the complaint pursuant to Rule 6(b), and defendants' motion to quash.

  The Complaint fails to state claim because (1) it is barred by the three-year statute of limitations which also deprives plaintiff of standing to sue, and (2) plaintiff does not allege any set of facts sufficient to show the existence of Rule 23's numerosity requirement. Next, defendants seek a corollary quashing of the subpoena directed to the New York City Board of Correction ("BOC") dated June 11, 2018. The subpoena to BOC should be quashed because it was not been served, and is unduly burdensome as overbroad, vague and unreasonable in time frame and subject matter. Further, because the complaint fails to state a claim as set forth below, responding to the subpoena would pose a useless burden on BOC.

**The three year statute of limitations bars plaintiff's claims and deprives her of standing.**

  Ironically, while the Complaint asserts that K.A. brings class action claims "on behalf of herself and all female prisoners formerly or presently confined to DOC custody in the last three (3) years," (*see* Cmpl. ¶ 59), the Complaint sets forth factual allegations dating from 2009 and only up through February 4, 2015. (*See* Complaint ¶¶51-54). This action was commenced on

May 2, 2018 through the filing of the complaint and request for summons. *See* Dk. Nos. 9-15. Because the latest date that a Section 1983 or ADA cause of action accrued for plaintiff K.A. is February 4, 2015, the three year statute of limitations ran on February 19, 2018 (a Monday). *See Culpepper v. City of New York*, 2018 U.S. Dist. LEXIS 67504, 14-cv-06585 (ALC) (S.D.N.Y. April 20, 2018), *citing Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); *Pape v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.*, No. 07-cv-8828, 2009 U.S. Dist. LEXIS 91738, 2009 WL 3151200, at *8 (S.D.N.Y. Sept. 29, 2009) (New York's three-year statute of limitations is applicable to "claims brought under . . . the ADA."). Because plaintiff cannot obtain relief which redresses her alleged injury, she lacks standing. *See Alphas v. City of N.Y. Bus. Integrity Comm'n*, 2017 U.S. Dist. LEXIS 70688, 15-cv-03424 (ALC) (S.D.N.Y. May 17, 2017) ("To establish Article III standing, a plaintiff must demonstrate: "(1) an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that can likely be redressed by a favorable decision." *Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992))"). Because the Complaint is devoid of a single factual injury—suffered by anyone—during the three years prior to commencement, the complaint should be dismissed.

**Plaintiff has failed to allege facts that show numerosity beyond mere speculation.**

Rule 23(a)(1) requires a plaintiff to show that "the class is so numerous that joinder of all members is impracticable." In the Second Circuit, "numerosity is presumed at a level of 40 members (1 *Newberg on Class Actions 2d.* (1985 Ed.) § 3.05)." *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). While courts generally do not require "evidence of exact class size or identity of class members to satisfy the numerosity requirement," *Robidoux v. Celani*, 987 F.2d 931, 935-936 (2d Cir. 1993); *Pa. Pub. Sch. Emples. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 120 (2d Cir. 2014), numerosity is generally presumed not satisfied when the class consists of 21 or less members. *Ansari v. N.Y. Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

Here, plaintiff cites two health care staff who were criminally charged with sexually assaulting female inmates over the course of the last ten years: one defendant who was prosecuted for alleged conduct in 2009 and 2010 but then fled the country before trial, (*see* Cmpl. ¶ 52); and the other defendant who was charged for conduct in 2014 and awaits trial, (*see* Cmpl. ¶ 55). Plaintiff also cites four other anonymous women who allegedly complained of sexual assault, all outside the three-year statute of limitations: "L.R." who complained of assault in July and November of 2014, (*see* Cmpl. ¶ 54.b); "S.A." who complained of assault in March 2014 (*see* Cmpl. ¶ 54.c); "L.J." who complained of assault in December 2014 (*see* Cmpl. ¶ 54.d); and, "C.M." as a person who has filed a complaint but without any alleged time frame whatsoever, (*see* Cmpl. ¶ 50). Plaintiff makes no other factual allegations to support her baseless and wholly speculative claim that she can represent a putative class "in excess of 10,000 members," (*see* Cmpl. ¶ 59.b).

**Plaintiff's subpoena to the NYCBOC should be quashed.**

On May 14, 2018, defendant received a first class mailing containing a Notice of Subpoenas dated June 11, 2018, and two subpoenas seeking broad discovery going back to 2008, and which seek documents far in excess of the subject matter of plaintiff's alleged injury. One

subpoena is directed to the New York State Commission of Correction (an entity that the Corporation Counsel for the City does not represent), and the other to the New York City Board of Correction ("BOC")[1], both non-parties to this action. Specifically, the subpoenas seek documents related to all "reported incidents involving inmate-inmate and staff-inmate sexual offenses," regardless of the gender of the attacker or the victim, going back ten years to 2008. *See* Exhibit A annexed hereto.

First, the Subpoena to the BOC should be quashed due to improper service. Rule 45 together with Rule 5 require service of a third-party subpoena, not the mailing of a subpoena. *See* Rule 45(b). Failure to make proper service on a non-party supports granting a motion to quash. *See Special Mkts. Ins. Consultants, Inc. v. Lynch*, 2012 U.S. Dist. LEXIS 61088 (N.D. Ill., May 2, 2012).

Next, as defendants plan to move pursuant to Rule 6(b) for dismissal of the Complaint, requiring non-party BOC to engage in any discovery—let alone massive discovery—in response to the vague, overly broad, and unduly burdensome discovery demands (which seek mostly irrelevant categories of documents), is inherently and plainly an impermissible undue burden. "[U]pon a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," which order may include forbidding disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A)." *See Clower v. Geico Ins.*, 2013 U.S. Dist. LEXIS 65036, CIV 12-0472 JB/WDS (D.N.M. April 16, 2013). Moreover, that the subpoena seeks extensive discovery regarding ten years' worth of incidents of (1) inmate-to-inmate sexual assault, and (2) DOC staff-to-inmate sexual assault regardless of gender renders the subpoena untenable and subject to being quashed, at a minimum. *See* Rule 45(d)(1).

Thank you for considering this request.

Respectfully submitted,

/s/
Martin Bowe
Assistant Corporation Counsel

Cc:   Phillip Hines, *Esq.*, for plaintiffs *via* ECF

---

[1] The Court may take judicial notice of the fact that the BOC is not a mayoral agency, and that none of its Board of Directors are employees of the City of New York. I have been authorized to represent BOC for the limited purpose of moving to quash the subject subpoena.