

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**MARTIN BOWE**
*Senior Counsel*
Tel: (212) 356-0894
(not for service) Fax: (212) 788-0940
Cell: (646) 498-7178
(not for service)
email:mbowe@law.nyc.gov

July 3, 2018

**VIA ECF**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:    <u>K.A., et al. v. The City of New</u>, 18-cv-3858 (ALC)(HBP)

Dear Judge Carter:

    I am the Assistant Corporation Counsel assigned to represent the City of New York and the NYC Health + Hospitals Corporation, Anastasia Blackmun, "Jane" Vessel, and Physician Affiliate Group of New York, PC ("defendants") in the above-referenced action. Defendants write in response to plaintiff's letter submitted today.

    Preliminarily, immediately before the filing of defendants' letter dated June 29, 2018, *see* Dk. No. 27, plaintiff filed affidavits of service for three additional defendants. *See* Dk. Nos. 24-26. Defendants hereby respectfully request that the Court deem Dk. No. 27 as having been filed on behalf of all five named defendants.

    Plaintiff's letter purports but fails to respond to defendants' letter to Your Honor dated June 29, 2018. Specifically, plaintiff does not offer the Court a single additional factual allegation that shows how an amended complaint will cure the deficiencies in the complaint. *See* Dk. No. 28. At the same time, plaintiff misrepresents defendants' by stating that "plaintiff was only released from DOC custody earlier this year (not in 2015 as claimed by defendants)." *Id*. Defendants stated no such thing. Rather, defendants cited to the specific paragraph in the complaint (Complaint at ¶54) which contains factual allegations of injury by plaintiff K.A., the last occurring on February 4, 2015. *See* Dk. No. 27. As we noted in our earlier letter, "[t]his action was commenced on May 2, 2018 through the filing of the complaint and request for summons. *See* Dk. Nos. 9-15. Because the latest date that a Section 1983 or ADA cause of

action accrued for plaintiff K.A. is February 4, 2015, the three year statute of limitations ran on February 19, 2018 (a Monday)." *Id.*

In any event, defendants oppose plaintiff's request for nine weeks to file an amended complaint. As defendant has filed their premotion letter setting forth the basis for defendants' motion—which, under Your Honor's Individual Practices, stays defendants' time to serve and file a Rule 12(b)(6) motion—plaintiff should be required to serve and file any amended complaint no later than 21 days after service of defendant's pre-motion later, i.e., no later than July 20, 2018. Before the Court grants additional time beyond that 21-day time period contemplated by Rule 15(a)(1)(B), plaintiff should be required to show good cause as to how an amended complaint would remedy the deficiencies in the complaint. *See Penguin Bros. v. City Nat'l Bank*, 587 Fed. Appx. 663 (2d. Cir. 2014) (request to amend complaint denied: "Ultimately, plaintiffs made no "showing as to how [they] might amend their complaint[s] to cure their pleading deficiencies," even under the liberal pleading standards of Rule 8(a).") Plaintiff should also be required to submit a proposed amended complaint to support plaintiff's request for more than 21 days to amend. *See Oden v. Boston Sci. Corp.*, 2018 U.S. Dist. LEXIS 102639, 18-cv-0334 (SJF)(SIL) (E.D.N.Y., June 4, 2018) ("Plaintiff's request to amend…is procedurally defective since "a bare request to amend a pleading contained in a brief, which does not also attach the proposed amended pleading, is improper under Fed. R. Civ. P. 15.")

Further, for the reasons set forth in defendants' letter, Dk. No. 27, the subpoenas plaintiff served should be quashed. In her responsive letter submitted today, plaintiff fails to respond to defendants' substantive argument that because the complaint fails to state a claim, the subpoenas should be quashed. *See* Dk. No. 28. Indeed, taken as a whole, plaintiffs' letter of today appears to concede that the current version of the complaint fails to contain factual allegations showing injury in-fact or standing, and, that in order to attempt to cobble together an amended complaint that might withstand Rule 12(b) plaintiff needs a fishing expedition. Such speculation-based use of subpoenas should not be countenanced.

Defendant respectfully requests that (1) plaintiff's request for so-ordered subpoenas should be denied, (2) plaintiff's time to file an amended complaint should end on July 20, 2018, and (3) defendants' motion to quash should be granted.

Thank you for considering this request.

Respectfully submitted,

/s/
Martin Bowe
Assistant Corporation Counsel

Cc: Phillip Hines, *Esq.*, for plaintiffs *via* ECF